## THE BOHEMIAN CLUB.

District Court, S. D. Texas, Houston Division. March 28, 1928.

No. 79.

Sewell Myer, of Houston, Tex. (N. B. Brunson, of Houston, Tex., of counsel), for plaintiff.

Terry, Cavin & Mills, of Galveston, Tex., for Atlantic Oil Pro. Co.

Rex ·G. Baker, of Houston, Tex., for Humble Oil & Refining Co.

Franklin & Blankenbecker, of Houston, Tex., for Shipping Board.

HUTCHESON, District Judge. This is a cause of collision between a descending ship and an ascending tug and tow. The collision occurred in the Ship Channel in what is known as "Morgan's Cut," a made channel, at the time of the collision 250 feet wide, now 350 feet. This cut is less than a mile in length, and the collision occurred when the descending vessel had passed about two-thirds through.

█ I think the evidence leaves no room for question that the respondent, the Bohemian

Club, got out of hand and that she was not carefully maneuvered just before the accident; the pilot himself admitting that if he had known there was a vessel coming into the cut he would have stopped the ship and not tried, as he did, to break her sheer, which she took at the turn before entering, by careering through it. He says he did not expect to find a vessel in the cut, and therefore was not looking out for one.

Such maneuvering, in a narrow channel like the cut, is faulty, unless it can be maintained, as the respondent attempts to do, that there is a uniform rule against vessels entering the cut at the lower end after a vessel has already entered at the upper end. In short, unless it can be established that the cut is a one-way street, the maneuver of the Bohemian Club was clearly at fault, and libelant contends that it would be at fault even in that event, upon the doctrine of last clear chance or discovered peril.

It is not necessary for me to decide that point, since I find that while the evidence establishes that the passage of two vessels in the cut is not easy, it also establishes affirmatively that it is constantly occurring, and that it is unusual, rather than usual, for vessels to wait for each other outside the cut, and that under no circumstance has a descending vessel the right to assume that it can take the whole of the channel in the cut to maneuver in.

The fault of the Bohemian Club being, as I think, clearly established by the evidence, it remains only to consider whether the libelant also is at fault, so as to present a case for divided damages.

That the tug was at the time of the collision, and after he got into the cut, properly maneuvered, the evidence makes clear. He hugged his side of the bank, and was bumped when he was where, if he had the right to be in the cut at all, he ought to have been. But the respondent replies that the fault is not here, but in entering the cut after it had been discovered that the steamer was already well in it.

He cites and invokes the rule giving preference to the descending steamer, and requiring the ascending steamer to stop until the descending steamer shall have passed through, and also, quoting from Corpus Juris, cites the following: "In case two steamers are approaching each other in a narrow channel, where, by continuing on, they will meet at a point where it is difficult and dangerous for them to pass, it is the duty of the one going against the tide or current to stop before reaching such dangerous point," etc.

The rule invoked has no application to a cut in the Houston Ship Channel. The whole of the channel is, in the sense of the rule, a narrow channel, and for the purpose of the administration of the rule cannot be divided into wide and narrow sections, and if the case was turned upon the precise application of the rule invoked, I should decide it against respondent.

Looking at the matter more broadly, however, I think it clear that under the general rules of negligence, in circumstances of this kind, the tug should have waited outside of the cut, and that in not doing so it, too, was at fault, which fault was such a contributing factor to the injury which it suffered as that it should share the damage ensuing.

Because, therefore, the Bohemian Club was handled negligently at the time of the collision, and because the tug contributed to the injury by forcing its way into the cut when it would have been more prudent to stay outside, I have concluded that a just and equitable decree in the case would be one for divided damages.